IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3091-FL

| | | |
|---|---|---|
| DAVID A. BOWIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SERGEANT MERCER, OFFICER RUSSELL, OFFICER BAILEY, and BRAD PERRITT, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

The matter now is before the court on plaintiff's motion for reconsideration, which this court construes as a motion to alter or amend the court's February 14, 2014, judgment pursuant to Federal Rule of Civil Procedure 59(e) (DE 46). In this posture, the issues raised are fully briefed and are ripe for adjudication.

**BACKGROUND**

Plaintiff, a former state inmate, filed this action pursuant to 42 U.S.C. § 1983, against defendants Officer Bailey ("Bailey"), Sergeant Mercer ("Mercer"), Brad Perritt ("Perritt"), and Officer Russell ("Russell"). Plaintiff alleged that defendants failed to protect him from inmate on inmate violence in violation of the Eighth Amendment to the United States Constitution.

On November 16, 2012, mail sent to plaintiff at Warren Correctional Institution, which was plaintiff's last known address, was returned to the court indicating that plaintiff was released from the North Carolina Department of Public Safety's custody. On November 20, 2012, the court issued an order stating that plaintiff failed to update his address as required by the court's local rules, and

directed plaintiff to show cause as to why the action should not be dismissed for failure to prosecute. The court's November 20, 2012, order was returned as undeliverable.

The court subsequently obtained an updated address for plaintiff and re-sent the November 20, 2012, show cause order. Plaintiff, in response, filed a letter addressing the court's October 16, 2012, order of investigation, but did not address the court's November 20, 2012, show cause order. Accordingly, on January 14, 2013, in an abundance of caution, the court allowed plaintiff an additional opportunity to respond to its November 20, 2012, order. Plaintiff timely responded, and on February 19, 2013, the court entered an order finding that plaintiff satisfactorily showed cause as to why his action should not be dismissed for failure to prosecute.

Defendants Bailey, Mercer, Russell, as well as, Perritt then filed respective motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 35, 40). Plaintiff did not respond to either pending motion.

On February 3, 2014, the court entered an order noting plaintiff's failure to respond to the then pending motions to dismiss and directing plaintiff to once again show cause as to why this action should not be dismissed for failure to prosecute. Plaintiff did not respond to the court's February 3, 2014, order within the time provided, and the court dismissed this action without prejudice for failure to prosecute on February 14, 2014.

On March 3, 2014, plaintiff filed a motion to alter or amend the court's February 14, 2014, judgment pursuant to Rule 59(e). The motion was fully briefed.

**DISCUSSION**

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion

2

of the district court.  See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).  The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice.  See, e.g., Sloas v. CSX Transp. Inc., 616 F.3d 380, n. 2 (4th Cir. 2010); Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555; Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

The court dismissed plaintiff's action without prejudice pursuant to Federal Rule of Civil Procedure 41(b), which provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the court may enter an order of involuntary dismissal. Fed. R. Civ. P. 41(b).  In assessing whether dismissal is appropriate under Rule 41(b), a court must evaluate (1) the degree of the plaintiff's personal responsibility for the failure, (2) the prejudice caused to the defendant, (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion, and (4) the availability of a less drastic sanction.  Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); see also Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding the magistrate judge's prior explicit warning that a recommendation of dismissal would result if the plaintiff failed to obey the judge's order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the explicit warning).

Although *pro se* litigants are "entitled to some deference," it does not relieve such plaintiff of his duty to abide by court rules and orders.  Ballard, 882 F.2d 93, 96 (4th Cir. 1989).  The court, in this case, notified plaintiff on three occasions that his failure to prosecute his action would likely result in dismissal.  Plaintiff also was notified that dismissal of his action would likely result due to

3

his failure to respond to either defendants' motions to dismiss. Plaintiff, as a *pro se* plaintiff bore sole responsibility for his repeated dilatory conduct and disregard for court deadlines. Defendants also were prejudiced by plaintiff's failure to follow court deadlines. Accordingly, dismissal pursuant to Rule 41(b) was appropriate. In any event, plaintiff has not addressed any of the grounds for reconsideration under Rule 59(e), nor does any appear to be applicable. For these reasons, plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) (DE 46) is DENIED.

SO ORDERED, this the 2nd day of September, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge